1  ANTHONY D. GILES (State Bar No. 178876)
   LOGAN & GILES LLP
2  2175 N. California Blvd, Suite 910
   Walnut Creek, California 94596
3  Telephone: (925) 945-6792
   Facsimile: (925) 945-8492
4
   Attorneys for Plaintiffs
5  KARSANT FAMILY LIMITED PARTNERSHIP
    and DR. PETER KARSANT
6

7  MICHAEL BARNES (State Bar No. 121314)
   SONIA MARTIN (State Bar No. 191148)
8  MICHELLE A. BRADLEY (State Bar No. 221323)
   SONNENSCHEIN NATH & ROSENTHAL LLP
9  2121 N. California Blvd., Suite 800
   Walnut Creek, California 94596
10 Telephone: (925) 949-2600
   Facsimile: (925) 949-2610
11
   Attorneys for Defendant
12 ALLSTATE INSURANCE COMPANY

13                        UNITED STATES DISTRICT COURT

14                       NORTHERN DISTRICT OF CALIFORNIA

15                            SAN FRANCISCO DIVISION

16 | KARSANT FAMILY LIMITED              | No. CV 08 1490 SI
   | PARTNERSHIP and DR. PETER           |
17 | KARSANT,                            | **JOINT CASE MANAGEMENT**
   |                                     | **CONFERENCE STATEMENT**
18 |        Plaintiffs,                  |
19 |    vs.                              | Date:    July 18, 2008
   |                                     | Time:    2:00 p.m.
20 | ALLSTATE INSURANCE COMPANY,         | Place:   Courtroom 10, 19th Floor
   |                                     | Before:  Hon. Susan Illston
21 |        Defendant.                   |
22 |                                     |
23

24       Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), the parties

25 submit this Joint Case Management Statement with respect to the Case Management Conference

26 set for July 18, 2008, and request that the Court adopt it as the Case Management Order.

27 / / /

28 / / /

   Case No. No. CV 08 1490 SI              -1-                  JOINT CASE MANAGEMENT
                                                                 CONFERENCE STATEMENT

1. **Jurisdiction and Service:**

Plaintiffs filed this action in San Francisco Superior Court. Allstate Insurance Company subsequently removed it to this Court pursuant to 28 U.S.C. sections 1441(a) and 1446. This Court has original jurisdiction over the Superior Court Action under 28 U.S.C. section 1332. Plaintiffs and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

All parties have been served.

2. **Facts:**

Allstate issued a business insurance policy to "Karsant Family Limited Partnership c/o Mary Karsant Sr. Trustee" (the "Partnership"), which was in effect between December 1, 2003 and December 1, 2004 (the "Policy"), as well as at other times. As a partner of the named insured, plaintiff Dr. Karsant was also an insured person under the Policy.

The Partnership owns a commercial building in the Lakeside neighborhood of San Francisco, where certain tenants ("Tenants") operate a restaurant called the "Lakeside Café." In January 2004, Tenants demanded arbitration of various leasing disputes with the Partnership. In May 2004, Tenants filed a separate lawsuit in San Francisco Superior Court against Dr. Karsant as an individual, raising claims substantively similar to those in the arbitration.

Plaintiffs tendered the defense of the underlying arbitration and the Superior Court action to Allstate. Plaintiffs seek indemnification from Allstate for some but not all parts of the adverse award in the underlying arbitration. (The Superior Court action against Dr. Karsant is still pending.) Plaintiffs allege breach of contract and bad faith claims against Allstate arising from its handling of the defense of the underlying arbitration and the Superior Court action.

3. **Legal Issues:**

One or more parties contend the following legal issues are in dispute:

1. Whether Allstate has wrongfully failed to pay the full amount of Dr. Karsant's defense in the Superior Court action;
2. Whether Allstate has unreasonably asserted a right to limit the rates paid to Dr. Karsant's counsel in the Superior Court action;

3. Whether Allstate has unreasonably delayed in its payments of defense costs;

4. Whether Allstate has wrongfully refused to pay attorneys' fees and other items awarded in the underlying arbitration;

5. Whether Allstate has acted in bad faith in connection with any of the foregoing.

**4.   Motions:**

Allstate intends to move to compel arbitration of the parties' attorneys' fee dispute, pursuant to California Civil Code section 2860.  Plaintiffs do not agree that section 2860 is applicable.

**5.   Amendment of Pleadings:**

The parties do not anticipate amending the pleadings at this time.

**6.   Evidence Preservation:**

The parties have taken appropriate steps to ensure the preservation of evidence.

**7.   Disclosures:**

The parties will serve their initial disclosures on or before June 19, 2008.

**8.   Discovery:**

The parties plan to conduct discovery regarding all allegations in the complaint.  The parties anticipate propounding written discovery and deposing the parties and other relevant witnesses.  The parties do not believe any deviation from the Federal Rules is necessary at this time.

**9.   Related Cases:**

There are no currently pending related cases.

**10.   Relief:**

Plaintiffs' Statement.

Plaintiffs seek contract and bad faith damages.  Plaintiffs contend the Policy covers the award of attorneys' fees and costs against the Partnership in the arbitration, in the amount of $155,158.82 plus interest.  Dr. Karsant also contends that he is entitled to coverage of the full costs of his defense of the Superior Court action.  The dollar amount of this claim is not yet known, but it will probably be less than $100,000 at the time of trial.

1  In addition to the contract damages, the Partnership seeks lost appreciation of assets it
2  was forced to sell to raise money for payment of defense costs, in the amount of approximately
3  $50,000, and damages for the distress of believing it was without coverage for the arbitration,
4  attorneys' fees (*Brandt* fees) in this action, and punitive damages.

5  <u>Defendant's Statement</u>

6  Allstate seeks judgment in its favor.

7  **11. <u>Settlement and ADR:</u>**

8  The parties have agreed to Early Neutral Evaluation.

9  **12. <u>Consent to Magistrate:</u>**

10  Allstate filed a declination to proceed before a magistrate judge on March 24, 2008.

11  **13. <u>Other References:</u>**

12  The parties do not believe any other reference is necessary at this time.

13  **14. <u>Narrowing of Issues:</u>**

14  Two issues seem appropriate for decision as a matter of law upon stipulated facts: (1)
15  whether the fee dispute should be referred to arbitration under California Civil Code section
16  2860, and (2) whether the Policy requires Allstate to pay the award of prevailing party attorneys'
17  fees levied against the Partnership by the arbitrator. The parties will be ready at the CMC to
18  discuss ways in which these issues can be resolved in the near future by motion on stipulated
19  facts.

20  **15. <u>Scheduling:</u>**

21  The parties do not believe this case should be handled on an expedited basis. The parties
22  propose the following schedule for discovery, motions and trial:

23  Exchange of Initial Disclosures:              June 19, 2008.
24  FRCP 26(a)(2) expert disclosures:             January 15, 2009
25  FRCP 26(a)(2) rebuttal disclosures:           January 23, 2009
26  Non-expert discovery cut-off:                 January 23, 2009
27  Expert Discovery cut-off:                     February 24, 2009
28  Dispositive pre-trial motion filing cut-off:  March 13, 2009

1 | Dispositive pre-trial motion hearing cut-off: April 17, 2009
2 | Pretrial conference statements: April 27, 2009
3 | Pretrial conference: May 29, 2009

**16. Trial:**

The parties request a trial date of June 29, 2009.

**17. Disclosure of Non-Party Interested Entities or Persons:**

Allstate Insurance Company is not aware of any interested parties required to be disclosed pursuant to Northern District Local Rule 3-16.

FILER'S ATTESTATION:

Pursuant to General Order No. 45, section X(B) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated: JUNE 11, 2008             BY:    /s/ Michelle Bradley_____


Dated: June 11, 2008             LOGAN & GILES LLP



                                 By_____/s/ Anthony D. Giles_____
                                         ANTHONY D. GILES

                                 Attorneys for Plaintiffs
                                 KARSANT FAMILY LIMITED PARTNERSHIP
                                 and DR. PETER KARSANT

Dated: June 11, 2008             SONNENSCHEIN NATH & ROSENTHAL LLP



                                 By_____/s/ Michelle Bradley_____
                                             MICHELLE BRADLEY

                                 Attorneys for Defendant
                                 ALLSTATE INSURANCE COMPANY

1 **[PROPOSED] CASE MANAGEMENT ORDER**

2   The Case Management Statement and Proposed Order is hereby adopted by the Court as
3 the Case Management Order for the case and the parties are ordered to comply with this Order.
4   In addition, the Court orders:

10 Dated: _____                    _____
                                              Hon. Susan Illston
11                                            U.S. District Court Judge