IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARSANT FAMILY LIMITED PARTNERSHIP and PETER KARSANT,<br><br>        Plaintiffs,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>        Defendant.                / | No. C 08-01490 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION and DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On October 31, 2008, the Court heard oral argument on defendant's motion to compel arbitration and plaintiffs' motion for partial summary judgment. Having considered the arguments of the parties and the papers submitted, and for good cause shown, defendant's motion is GRANTED and plaintiffs' motion is DENIED.

**BACKGROUND**

**1.     The Underlying Dispute Between Plaintiff Insured and its Tenants**

This case arises out of a landlord-tenant dispute. Plaintiff Karsant Family Limited Partnership ("the partnership"), owns a commercial property in San Francisco. Plaintiff Peter Karsant is the managing general partner of the partnership. Tenants Nicholas and Ekaterine Panoutsopoulos run a restaurant, the Lakeside Café, on the property. The relationship between the partnership and its tenants is governed by a written lease, which contains the following provision:

> Section 14.13.  <u>Attorney's fees:</u> Should either party commence any legal action or proceeding against the other based on this lease, the prevailing party shall be entitled to an award of attorney's fees.

On May 14, 2004, the tenants filed suit in San Francisco County Superior Court against the partnership and against Peter Karsant personally. Decl. of Peter Karsant in Opp. to Def. Mot. to Compel Arbitration ("Karsant Decl.") ¶ 3. The tenants moved to compel arbitration. *Id.* ¶ 4. They were successful in compelling arbitration against the partnership, but not against Peter Karsant. *Id.* ¶ 4. The tenants' Superior Court case against Peter Karsant is ongoing, while the arbitration against the Karsant partnership took place in 2004. The final judgment in the arbitration was entered on March 24, 2005. The arbitrator concluded, *inter alia*, that "the Landlord" had breached the tenants' covenant of quiet enjoyment and intentionally inflicted emotional distress on the tenants. *See* Joint Stipulated Exhibits ("JSE"), at ex. H, p. 91. The arbitrator also determined that the tenants were the "prevailing party" in the arbitration proceeding, for purposes of the lease. The judgment awarded the tenants $10,000 for "severe emotional distress due to the intentional conduct of [plaintiff Peter Karsant]," $100,000 in punitive damages, $148,525 in reasonable attorneys' fees, and $6,633.82 in costs (amounting to $155,158.82 in fees and costs).

**2.    The Instant Dispute between Plaintiff Insured and Defendant Insurer**

Between 2003 and 2004, the partnership had liability insurance coverage from defendant Allstate Insurance Company. In July or August, 2004, Peter Karsant tendered to Allstate the defense of tenants' claims against the partnership and Peter Karsant. Karsant Decl. ¶ 5. On August 2, 2004, Allstate acknowledged the claim, reserved its rights to deny coverage, and stated that there "may be no coverage afforded under the policy" for damages that did not arise out of an accidental event, bodily injury, or property damage. JSE, at ex. C (letter from Allstate to plaintiffs). Allstate representative Kathryn Wade informed Mr. Karsant by telephone that his defense was not covered under his policy with Allstate.[1] Karsant Decl. ¶ 5.

The partnership and Peter Karsant retained the Doyle Law Firm to defend them in the dispute with their tenants. *Id.* ¶ 6. The Doyle firm charged hourly rates of $195-$260 per hour. Decl. of Dennis M. Cusack in Opp. to Def. Mot. to Compel ("Cusack Decl."), ¶ 8. The partnership had to take out a loan

---

[1] Allstate does not dispute that it initially did not agree to defend Dr. Karsant. Def. Reply in Supp. of Mot. to Compel, at 3:22.

2

and sell assets to cover legal fees and other costs associated with the tenants' claim. Karsant Decl. ¶ 6.

In early 2005, the Karsant plaintiffs retained lawyer Dennis Cusack to negotiate with Allstate over insurance coverage. *Id.* ¶ 7. In a March 7, 2005 letter to Allstate, Cusack noted that Allstate had not agreed to defend the Karsant plaintiffs and requested "approximately $150,000" in fees and costs of defense in the arbitration. JSE, at ex. G. In January, 2006, Allstate reimbursed the partnership in full for its attorneys' fees and costs in the arbitration. JSE, at ex. K (January 6, 2006 letter and check from Allstate for $163,566.82). Allstate also reimbursed in full all fees incurred by Peter Karsant in the Superior Court action through September 2005. Cusack Decl. ¶ 8.

In March, 2006, the tenants were granted leave to amend their complaint in the Superior Court case to add the Doyle Law Firm and attorney Susan Doyle as defendants. Cusack Decl. ¶¶ 9-10. Although this order was subsequently overturned on appeal, when the court made its ruling, the Doyle Firm was conflicted out of the case and could not represent Peter Karsant. Cusack, the Karsant plaintiffs' coverage counsel, informed Allstate of the need for new counsel and recommended alternate law firms to represent Peter Karsant. *See* JSE, at ex. M (March 22, 2006 letter from Cusack to Allstate). Allstate adjuster Kathryn Wade informed Dr. Karsant (by voicemail to Cusack) that Allstate wished to transfer the case to a San Jose law firm. Cusack Decl. ¶ 12. Cusack objected on behalf of Peter Karsant but received no response from Allstate. *Id.* ¶ 13. On April 9, 2006, Cusack informed Allstate that, in light of Allstate's unresponsiveness, Peter Karsant had engaged Edward Rudloff of the law firm Rudloff, Wood & Burrows to represent him in the Superior Court case. *Id.* ¶ 16. The law firm's hourly rates were $210-$230. Karsant Decl. ¶ 9.

On August 23, 2006, Allstate stated by letter that it agreed to defend Peter Karsant, subject to a reservation of rights. *See* JSE, at ex. Q. Allstate also approved Peter Karsant's selection of Edward Rudloff as defense counsel, but stated that it would not reimburse his fees exceeding $185 per hour. *See id.* at p. 6. Noting that the tenants sought emotional distress and punitive damages, Allstate specifically reserved its right to deny coverage for damages against for Peter Karsant's intentional acts. *See id.* Allstate subsequently clarified that it would pay all defense costs incurred by Peter Karsant before August 23, 2006. Decl. of Michael Barnes in Supp. of Def. Mot. to Compel Arbitration, ¶ 2.

3

On January 11, 2008, the Karsant plaintiffs made the following demand:

> Before today, we had not made a demand on Allstate for recovery of any part of the damages, costs and attorneys fees awarded in the March 24, 2005 Final Award of Arbitrator against the Limited Partnership. We do now. Specifically, we demand that Allstate pay the $155,158.82 awarded as attorneys fees and costs, as well as the $10,000 awarded as emotional distress damages.

JSE, at ex. R. Defendant refused to reimburse the Karsant plaintiffs for these portions of the arbitration award.

On February 7, 2008, the Karsant plaintiffs filed a complaint against Allstate in San Francisco County Superior Court alleging breach of contract and breach of the implied contract of good faith and fair dealing. The Karsant plaintiffs seek, *inter alia*, unreimbursed defense costs incurred and to be incurred by Peter Karsant in the Superior Court case and "covered portions" of the arbitration award. The Karsant plaintiffs allege that Allstate has breached the policy by attempting to limit the amount it will pay for independent counsel to represent Peter Karsant. *See* Complaint ¶ 11.

Defendants invoked diversity jurisdiction and removed to this Court on March 18, 2008. Now before the Court are the Karsant plaintiffs' motion for partial summary judgment and Allstate's motion to compel arbitration of the dispute regarding fees paid to independent counsel.

### LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the

4

non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.* The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

**1.  Defendant's Motion to Compel Arbitration of Dispute over Reasonable Costs for Independent Counsel**

    **A.  California Civil Code § 2860 is applicable to this case**

Allstate claims that under California Civil Code § 2860, the parties' dispute over independent counsel fees must be resolved through arbitration. The Karsant plaintiffs respond that § 2860 does not apply in this case.

California Civil Code § 2860 provides, in relevant part:

> If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured . . . . An insurance contract may contain a provision which sets forth the method of selecting that counsel consistent with this section.

Subsection (c) stipulates that "[a]ny dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute."

In California, when a conflict of interest exists between an insurer and its insured, § 2860

5

imposes on the insurer a duty to provide independent counsel, commonly referred to as *Cumis* counsel. *See Dynamic Concepts, Inc. v. Truck Ins. Exchange*, 61 Cal. App. 4th 999, 1008 (Cal. Ct. App. 1998). In addition to requiring that the insurer cover the reasonable costs of independent counsel, § 2860 requires that disputes regarding those costs be resolved by arbitration. *See* Cal. Civ. Code § 2860(c).

The Karsant plaintiffs contend that the arbitration provision of § 2860(c) does not apply in this case because Allstate is paying for only one lawyer: Edward Rudloff. Plaintiffs rely on *National Union Fire Ins. v. Hilton Hotels Corp.*, No. 90-2189, 1991 WL 405182 (N.D. Cal. May 6, 1991) (unreported disposition) for the proposition that for a *Cumis* situation to arise, there must be a "*two counsel* situation with both insurer's and insured's counsel participating in the underlying action." 1991 WL 405182 at *3 (emphasis in original).

The California Court of Appeal recently reached a contrary conclusion on the same issue. In *Long v. Century Indem. Co.*, 163 Cal. App. 4th 1460 (Cal. Ct. App. 2008), the plaintiff argued that the arbitration provision of § 2860 does not apply when only one lawyer – selected by the insured and approved by the insurer – represents the insured in the underlying litigation. 163 Cal. App. at 1467. *Long* rejected this argument, holding that the conflict of interest covered by § 2860 "exists because the interests of the insurer and its insured diverge, thereby precluding the use of counsel . . . who purports to jointly represent the interests of both insurer and insured." *Id.* The fact that the insurer did not elect to retain counsel to protect its own interests is not dispositive. *Id.* at 1473.

This case is substantively indistinguishable from *Long*.[2] As in *Long*, a conflict exists between Allstate and Peter Karsant because Dr. Karsant faces liability in the underlying action for his intentional acts, and Allstate asserts that such damages are not covered under Dr. Karsant's policy. *Accord id.*, at 1471 ("Perhaps the most common situation in which a conflict of interest exists and independent or *Cumis* counsel is required occurs when the insured's allegedly wrongful conduct could be found to be intentional, with coverage thus depending on the ultimate characterization of the insured's actions."). Allstate eventually accepted Peter Karsant's defense, subject to a reservation of rights, Peter Karsant selected Rudloff to represent him, and Allstate approved that selection. *Accord id.* at 1465. Under

---

[2] Counsel for the Karsant plaintiffs explains, in a letter to the Court, that his failure to cite to *Long* was an oversight. [Docket No. 34]

6

*Long*, § 2860 applies and mandates arbitration of the dispute over the reasonable costs of Peter Karsant's independent counsel.

### B. Allstate's delay in accepting Peter Karsant's defense does not preclude Allstate from invoking California Civil Code § 2860

The Karsant plaintiffs contend that even if § 2860 is generally applicable in this situation, Allstate's initial denial of Peter Karsant's defense was wrongful and precludes Allstate from invoking § 2860 in this case.

"Before an insurer rejects a tender, it must make an adequate investigation of the facts. Failure to do so bars the insurer from denying the tendered defense, and subjects it to liability for the insured's full attorney's fees and costs incurred thereafter with other counsel." *Stalberg v. Western Title Ins. Co.*, 230 Cal. App. 3d 1223, 1233 (Cal. Ct. App. 1991); *see also Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005) ("to take advantage of the provisions of § 2860, an insurer must meet its duty to defend and accept tender of the insured's defense, subject to a reservation of rights."); *Amato v. Mercury Casualty Co.*, 53 Cal. App. 4th 825, 831 (Cal. Ct. App. 1997) ("Where an insured mounts a defense at the insured's own expense following the insurer's refusal to defend, the usual contract damages are the costs of the defense.").

The authorities cited by the Karsant plaintiffs are inapposite because the insurer in those cases refused to defend the insured. *See Stalberg*, 230 Cal. App. 3d at 1233 (Cal. Ct. App. 1991) (insurer did not defend insured); *Atmel Corp.*, 426 F. Supp. 2d at 1048 (same); *Amato*, 53 Cal. App. 4th at 831 (same). In this case, it is undisputed that Allstate eventually agreed to defend Peter Karsant. Allstate has attested that it will pay all defense costs incurred before August 23, 2006, when it accepted Peter Karsant's defense. Allstate is therefore not precluded from invoking the arbitration provision of § 2860 with regard to a dispute over compensation for independent counsel that arose after Allstate accepted Peter Karsant's defense.

### C. The question of estoppel is for the arbitrator to decide

The Karsant plaintiffs also argue that Allstate is estopped from imposing a rate cap on the fees it will pay Peter Karsant's independent counsel. Plaintiffs note that when Allstate first reimbursed them for attorneys' fees in January, 2006, Allstate paid the full hourly rates charged by the Doyle firm ($195-

7

$260) and raised no objection to those rates. Allstate's acts led Peter Karsant to believe that Allstate would not object to the fees charged by the Rudloff firm ($210-$230). Allstate is therefore estopped, the Karsant plaintiffs argue, from subsequently imposing an hourly rate cap of $185 on compensation for Peter Karsant's independent counsel.

The Karsant plaintiffs cite no authority establishing that an insured can evade the arbitration clause of § 2860 by prevailing on the issue of equitable estoppel. Accordingly, the question of whether it was reasonable for Peter Karsant to rely on Allstate's prior payment of a higher hourly rate is for the arbitrator to decide.

For these reasons, the Court GRANTS defendant's motion to compel arbitration on the issue of Allstate's reimbursement for independent counsel fees after August 23, 2006.

### D. *Compulink* does not require a contrary result

After oral argument, Allstate filed a statement notifying the Court of the California Court of Appeal's recent decision in *Compulink Mgmt. Ctr., Inc. v. St. Paul Fire and Marine Ins. Co.*, No. 204797, __Cal. Rptr. 3d__, 2008 WL 5235663 (Cal. Ct. App. Dec. 17, 2008). *Compulink* analyzed the holding of *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Ins.*, 15 Cal. App. 4th 800 (Cal. Ct. App. 1993) as follows:

> We then addressed the distinction between *Cumis* fee disputes filed in state court and those filed in federal court. We recognized that section 2860's requirement that such fee disputes be resolved in arbitration is binding only on California courts. As such, "*within the California courts* these *Cumis* fee issues are to be decided in an arbitration forum, not the *state's* judicial forum." Federal actions involving *Cumis* fee issues, on the other hand, are not subject to section 2860's arbitration procedure. Instead, "federal courts retain the power to decide these and any other issues, when properly before them, through any dispute resolution method the federal statutes and rules provide."

2008 WL 5235663, at *5 (quoting *Caiafa*, 15 Cal. App. 4th at 803-4).

*Compulink*'s discussion of *Caiafa* does not change the result in this case, because this case was not a *Cumis* fee dispute "filed in federal court." The fee dispute in this case was originally filed San Francisco Superior Court and removed to federal court pursuant to diversity jurisdiction. This Court, sitting in diversity, must apply California law. The situation here is therefore unlike that in *Caiafa*, where the original action in federal court arose under a federal statute (the Racketeer Influenced and Corrupt Organizations Act) and the *Cumis* issue was raised in a petition for arbitration filed in state

8

court nine months later. Accordingly, the Court finds that *Compulink* does not change the outcome in this case.

**2.      Plaintiffs' Motion for Partial Summary Judgment**

The arbitration judgment in the underlying dispute between the Karsant partnership and the tenants provided that the partnership must pay the tenants' attorneys' fees and costs, which amounted to $155,158.82, as well as a $10,000 award in damages for emotional distress. The Karsant plaintiffs seek partial summary judgment that Allstate is required to reimburse the partnership for both sums.

      **A.      Payment of prevailing party attorneys' fees by Allstate**

The Karsant plaintiffs argue that prevailing party's attorneys' fees and costs are covered under the supplementary payments provision of the parties' insurance policy. The policy provides, in relevant part:

> Defense: We will defend any suit brought against persons insured seeking damages to which this Part applies, even if the allegations in the suit are groundless, false or fraudulent . . .
>
> We will pay the following costs or expenses in addition to the limits of liability:
>
> 1.      Costs of defending any suit, including interest on any judgment. Our duty to pay interest ends when we pay, tender or deposit in court that part of the judgment which does not exceed the limit of liability.

*See* JSE, at ex. B, p. 15. According to the Karsant plaintiffs, attorneys' fees paid by the insured to the prevailing party constitute a "cost" of defending a suit.

The Karsant plaintiffs rely on *Prichard v. Liberty Mut. Ins. Co.*, 84 Cal. App. 4th 890 (Cal. Ct. App. 2000) for the proposition that under California law, when the duty to defend includes the duty to pay "costs," those costs include the prevailing party's fee award. Allstate responds that *Prichard* is inapposite because the insurance policy at issue in that case was materially different from the policy here. The Court agrees. *Prichard* established that under a comprehensive general liability (CGL) insurance contract, contractual attorney fee awards are recoverable as costs of suit. *See* Walter Croskey, *et al.*, California Practice Guide: Insurance Litigation § 7:160.2 (citing *Prichard*, 84 Cal. App. 4th at 912). *Prichard* reasoned that if insurers seek to exclude coverage for fee awards, they may revise the CGL. *Id.* (citing *id.* at 912 n.22). In *Prichard*, the supplementary payments provision of the insurance

9

1 policy stated that the insurer would cover, "with respect to any claim or 'suit' we defend . . . All costs
2 taxed against the insured in the 'suit.'" 84 Cal. App. 4th at 911. In this case, Allstate altered the
3 standard form that was at issue in *Prichard*: the supplementary payments provision here covers the costs
4 "of defending any suit," not costs "taxed against the insured." The Karsant plaintiffs cite no authority
5 establishing that the costs of defending a suit include those costs taxed against the insured after trial.[3]

7 The Karsant plaintiffs also argue that the inclusion of the phrase "including interest on any
8 judgment" in the policy language establishes that the coverage was "a broad obligation that extends
9 post-judgment." *See* Pl. Reply in Supp. of Mot. for Summ. J., at 1. The Court disagrees. Had this cost
10 "related" to defense been covered, the policy would have said so, just as the policy stated that interest
11 on a judgment is covered. The Court cannot read into the contract additional coverage for attorneys'
12 fees taxed against the partnership.

13 Accordingly, the Court DENIES the Karsant plaintiffs' motion for partial summary judgment
14 on this issue.

### B.   California Insurance Code § 533 precludes indemnification of the partnership for the arbitration award for intentional infliction of emotional distress

The Karsant plaintiffs contend that the $10,000 arbitration award for intentional infliction of emotional distress is a covered award for personal injury damages. The coverage clause of the insurance contract provides, in relevant part, "We will pay . . . damages arising out of an accidental event, personal injury or advertising injury." *See* JSE, at ex. B, p. 14. The policy defines personal injury as injury arising out of, *inter alia*, "invasion of the right of private occupancy." *See id.* at p. 33.

The emotional distress award arose out of Peter Karsant's breach of the tenants' covenant of quiet enjoyment and was based on the following findings by the arbitrator:

> There is ample evidence from the treatment accorded [the tenants] from the inception of [Peter Karsant's] term that he harbored ill will towards [the tenants]. The arbitrator does not find it helpful to recite the many statements attributed to Peter Karsant by [the tenants]. . . . Suffice it to note that he caused emotional distress. That emotional [distress] was the natural and expected consequence of his multiple threats to oust [the

---

[3] The fact that attorneys' fees paid pursuant to contract are statutorily defined as "costs," *see* Cal. Code Civ. Pro. § 1033.5(a)(10)(A), does not establish that prevailing party's attorneys' fees are necessarily included in the costs of defending a suit.

10

> tenants] from their Leasehold and livelihood and his wrongful service of three-day notices as well as of the many unreasonable demands . . . [¶] There was ample testimony that [tenant Nicholas Panoutsopoulos] suffered severe emotional distress due to the intentional conduct of [Peter Karsant]. The arbitrator finds that the conduct was outrageous . . .

*See* JSE, at ex. H, p. 91. The arbitrator's findings establish that the emotional distress award arose from Peter Karsant's invasion of the tenants' right of private occupancy and therefore constitutes an award for "personal injury" within the meaning of the insurance policy.[4]

The parties dispute whether, even if the emotional distress award qualifies as arising from personal injury, Peter Karsant's conduct is statutorily excluded from coverage. California Insurance Code § 533 provides that "[a]n insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." The Karsant plaintiffs do not dispute that Peter Karsant's conduct was wilful, but contend that § 533 does not preclude recovery because Peter Karsant's conduct is not imputed to the partnership. The Court disagrees. The arbitrator determined that the same conduct by Peter Karsant that gave rise to the emotional distress award also warranted punitive damages, and expressly found that Peter Karsant's acts were attributable to the partnership:

> Having found that [Peter Karsant] intentionally inflicted emotional distress and that such conduct was outrageous, the Arbitrator further finds that an award of exemplary damages is necessary and justified by the conduct of [Peter Karsant]. The Arbitrator specifically finds that the conduct of [Peter Karsant] was oppressive and malicious as those terms are meant by Civil Code Section 3294(a) and that *that conduct is attributable to the [partnership]*.

*See id.* at p. 92 (emphasis added).

The Karsant plaintiffs argue that § 533 does not prevent Allstate from indemnifying the partnership for the wilful acts of Peter Karsant, its agent, because of the distinction between direct and vicarious liability. The Karsant plaintiffs are correct that while § 533 bars indemnity of an insured who *personally* commits a wilful act, the statute does not generally preclude a California insurer from indemnifying a principal held only *vicariously* liable for its agent's wilful acts. *See Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 305 n.9 (Cal. 1995) (employer may be indemnified for

---

[4] Allstate's citation to *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 23 (Cal. 1995) is inapposite. In *Truck*, the emotional distress damages arose from an uncovered occurrence. Allstate does not explain why invasion of quiet enjoyment does not constitute an invasion of the right of private occupancy.

11

wilful acts of employee); *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 512 (Cal. Ct. App. 1998) (principal may be indemnified for agent's act of malicious prosecution). A partnership is "vicariously liable 'for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or with authority of the partnership.'" *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 391 (Cal. Ct. App. 2007) (quoting Cal. Corp. Code § 16305).

The distinction between vicarious and direct liability is not apposite, however, when, as in this case, the principal is personally responsible for the wrongs of its agents.[5] A principal is personally liable for the torts of an agent if the principal directed or authorized the agent to perform the tortious act, or if the principal ratified that act. *Shultz Steel Co. v. Hartford Accident & Indem. Co.*, 187 Cal. App. 3d 513, 519 (Cal. Ct. App. 1986) (citations omitted).

Here, the arbitrator made clear that the partnership was personally liable for the intentional acts of Peter Karsant. First, the arbitrator found that "the Landlord" had intentionally inflicted emotional distress on the tenants by breaching the covenant of quiet enjoyment. *See* JSE, at ex. H, p. 91. The partnership was the tenants' landlord. *See id.* p. 70. Thus, the arbitrator determined that the acts that resulted in the emotional distress award were committed by the partnership. Second, by finding that Peter Karsant's conduct warranted an award for punitive damages to be levied on the partnership, the arbitrator necessarily concluded that Peter Karsant's acts were directly attributable to the partnership. *See PPG Indus., Inc. v. Transamerica Ins. Co.*, 20 Cal. 4th 310, 316 (Cal. 1999) (citing Cal. Civ. Code § 3294) (In California, "punitive damages may be awarded only if it is proven that the *defendant* engaged in conduct intended to cause injury or engaged in despicable conduct with a conscious disregard of the rights or safety of others.") (emphasis added).

---

[5] The Karsant plaintiffs' reliance on *American States Ins. Co. v. Borbor by Borbor*, 826 F.2d 888 (9th Cir. 1987) is misplaced. *Borbor* concerned a husband and wife who operated a nursery school as partners. The husband was convicted of sexual abuse and his wilful act was imputed to the partnership. 826 F.2d at 892. *Borbor* held that § 533 nonetheless did not preclude indemnification of the innocent co-partner wife who was a separate insured under the liability policy. *Id.* Unlike in *Borbor*, the issue before this Court is the indemnification of a partnership, not of an innocent co-insured partner.

Accordingly, the Court DENIES the Karsant plaintiffs' motion for partial summary judgment on this issue.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to compel arbitration and DENIES plaintiffs' motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: 1/27/09

SUSAN ILLSTON
United States District Judge